E. JEFFREY GRUBE (SB# 167324)
ELIZABETH A. BROWN (SB# 235429)
C. YEWLEH CHEE (SB# 281710)
jeffgrube@gbgllp.com
lisabrown@gbgllp.com
yewlehchee@gbgllp.com
GRUBE BROWN & GEIDT LLP
601 Montgomery Street, Suite 1150
San Francisco, CA 94111
Telephone: (415) 603-5000
Facsimile: (415) 840-7210

Attorneys for Defendant
UNITED PARCEL SERVICE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG OGANS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>UNITED PARCEL SERVICE, INC. AND DOES 1 to 100,<br><br>　　　　Defendants. | Case No.<br><br>**DEFENDANT UNITED PARCEL SERVICE, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT** |

# NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF, AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendant UNITED PARCEL SERVICE, INC. ("UPS") hereby removes this action from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California. UPS removes this action pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446 for the reasons stated below:

## JURISDICTION

1. This action is one over which this Court has original jurisdiction under federal question jurisdiction pursuant to 28 U.S.C. § 1331, and may be removed to this Court pursuant to 28 U.S.C. § 1441(a), because (a) it is a civil action; and (b) it arises under the laws of the United States — specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*

## VENUE

2. Venue is proper in this District pursuant to 28 U.S.C. § 1441(a) because the Superior Court where the removed case was pending is located within this District.

## INTRADISTRICT ASSIGNMENT

3. Assignment to the San Francisco Division or Oakland Division is proper pursuant to Civil Local Rule 3-2(c) because the Superior Court where the removed case was pending is located in the County of San Francisco.

## BACKGROUND

4. On or about March 6, 2017, Plaintiff Craig Ogans filed a Complaint in the Superior Court of the State of California for the County of San Francisco ("Superior Court") entitled "*Craig Ogans v. United Parcel Service, Inc., and Does 1 to 100*," designated as Case No. CGC-17-557418 (the "Action"). A true and correct copy of Plaintiff's Complaint in the Action

is attached to this filing as Exhibit A.[1]  *See also* Declaration of Elizabeth A. Brown ("Brown Decl.") ¶ 3, Ex. A.

5. In the Complaint, Plaintiff alleges that "defendants violated the Labor Code and Fair Labor Standards Act by not paying the plaintiff all wages owed, not paying overtime, not providing rest and meal breaks, and not providing accurate, itemized wage statements." Compl. ¶ 3. *See also id.* ¶ 15 ("Since Defendants did not pay all compensation owed, Plaintiff is entitled to all remedies under the FLSA."); *id.* ¶ 19 ("Defendants unlawfully did not pay the plaintiff/employee all wages owed as required by Labor Code sections 510 and 1194 and Wage Order 9.").

6. Based on these allegations, Plaintiff brings the following purported causes of action: (1) violation of the Fair Labor Standards Act, (2) wage and hour violation, (3) wage statement penalty, (4) waiting time penalty, (5) meal and rest break violation, and (6) unfair competition.

7. On March 29, 2017, Plaintiff served the Summons and Complaint on UPS. *See* Brown Decl. ¶ 4, Ex. B.

8. Defendants Does 1 to 100 are unnamed and unknown, and therefore have not been served with the Complaint. *See* Compl. ¶ 5.

9. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiff's counsel and filed with the Clerk of the Superior Court.

10. This Notice of Removal is effected properly and timely pursuant to 28 U.S.C. § 1446(b).

**THE COURT HAS FEDERAL QUESTION JURISDICTION OVER THIS ACTION**

11. Plaintiff alleges claims arising under the FLSA. Accordingly, original federal question jurisdiction exists under 28 U.S.C. § 1331 because federal law creates the cause of

---

[1] In accordance with 28 U.S.C. § 1446(a), the Complaint, and all other publicly-available process, pleadings, or orders that were served on UPS in this action also are attached to this Notice as Exhibit A.

| 1 | action. *See Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 694 (2003) (holding actions
| 2 | brought pursuant to the FLSA can be removed to federal court and affirming denial of plaintiff's
| 3 | motion to remand) ("The FLSA provides that an action 'may be maintained . . . in any Federal or
| 4 | State court of competent jurisdiction,' 29 U.S.C. § 216(b), and the district courts would in any
| 5 | event have original jurisdiction over FLSA claims under 28 U.S.C. § 1331, as 'arising under the
| 6 | Constitution, laws, or treaties of the United States,' and § 1337(a), as 'arising under any Act of
| 7 | Congress regulating commerce.'").

12. This Court has supplemental jurisdiction over Plaintiff's remaining state statutory claims under 28 U.S.C. § 1367. Plaintiff's federal and state claims "derive from a common nucleus of operative fact" – namely, UPS's alleged failure to pay all compensation owed. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). The state law claims therefore "form part of the same case or controversy under Article III of the United States Constitution," giving the Court supplemental jurisdiction over them. 28 U.S.C. § 1367(a). *See also Lindsay v. Gov't Employees Ins. Co.*, 448 F.3d 416, 424 (D.C. Cir. 2006) (holding district court could exercise supplemental jurisdiction in action alleging violations of the FLSA and New York Minimum Wage Act) ("Here, the complaint alleged that members of both classes performed the same type of work for the same employer and were deprived of overtime compensation as a result of the same action taken by their employer. It is clear to us that the two claims 'derive from a common nucleus of operative fact' and thus form part of the same Article III case or controversy.") (citation omitted); *Havel v. SunAmerica Sec., Inc.*, No. C 06-4543 PJH, 2006 WL 2917591, at *3 (N.D. Cal. Oct. 11, 2006) (Hamilton, J.) (denying motion to remand where plaintiff asserted two unfair competition causes of actions based on FLSA overtime and California Labor Code violations and nine causes of action under the California Labor Code and Industrial Welfare Commission Orders for failure to pay minimum wage and overtime, and failure to provide accurate wage statements, adequate meal periods, and adequate rest periods).

///

///

///

WHEREFORE, UPS hereby removes the above action now pending before the Superior Court of California for the County of San Francisco to this Court.

DATED: April 28, 2017                GRUBE BROWN & GEIDT LLP


BY:   /s/ Elizabeth A. Brown
     ELIZABETH A. BROWN

Attorneys for Defendant
UNITED PARCEL SERVICE, INC.